FILED
NOV 2 0 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Louis Younger, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. **12 1885** |
| | ) | |
| | ) | |
| Charles E. Samuels Jr. *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

MEMORANDUM OPINION

Petitioner, a prisoner at the Federal Correctional Institution in Greenville, Illinois, has submitted a voluminous application for a writ of habeas corpus and an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner challenges his conviction entered by the United States District Court for the Eastern District of Missouri. *See U.S. v. Dierling*, 131 F.3d 722 (8th Cir. 1997); Pet. at 4. Petitioner claims, among other wrongs, that "fraud was perpetrated upon the [criminal] court" and "defense counsel rendered ineffective assistance . . . ." Pet. at 2 ¶¶ 5, 6. Petitioner seeks, among other relief, reversal of his conviction and a new trial. *Id.* at 3.

Petitioner's claims must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255, which states:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Petitioner has not shown that his available remedy is inadequate or ineffective, and to the extent that petitioner may have already been denied relief under § 2255, he must seek permission from the Eighth Circuit to file a successive petition in the sentencing court. *See* 28 U.S.C. § 2255(h). Petitioner has no recourse in this Court. Hence, the case will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: November ____, 2012